FILED
DEC 1 2001
MICHAEL W. DOBBINS, CLERK
UNITED STATES DISTRICT COURT

DOCKETED
DEC 1 3 2001

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| COOK INCORPORATED, | ) |
| Plaintiff, | ) |
| | ) **01C 9479** |
| v. | ) |
| | ) |
| BOSTON SCIENTIFIC CORPORATION, | ) **JURY TRIAL DEMANDED** |
| | ) **JUDGE KOCORAS** |
| Defendant. | ) |

**MAGISTRATE JUDGE NOLAN**

## COMPLAINT FOR
## DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff Cook Incorporated ("Cook") for its Complaint against defendant Boston Scientific Corporation ("BSC") states as follows:

### THE PARTIES

1. Cook is an Indiana corporation with its principal place of business in Indiana.

2. BSC is a Delaware corporation with its principal place of business in Massachusetts.

### JURISDICTION AND VENUE

3. The Court has jurisdiction over Count I of this Complaint pursuant to 28 U.S.C. § 1332. Complete diversity of citizenship exists between the parties and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

4. The Court has jurisdiction over Count II pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1121(a) because that claim arises under section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

5.  The Court has jurisdiction over Count III pursuant to 28 U.S.C. § 1331 because that claim arises under the antitrust laws of the United States, 15 U.S.C. §1.

6.  By virtue of its federal question jurisdiction over Counts II and III, the Court also has supplemental jurisdiction over the claim in Count I pursuant to 28 U.S.C. § 1367 because that claim is so related to the claims asserted by Cook in Counts II and III that it forms part of the same case or controversy under Article III of the Constitution.

7.  Venue is proper pursuant to 28 U.S.C. § 1391(a) and (b) because a substantial part of the events or omissions giving rise to the claims asserted herein occurred within this district.

## THE ANGIOTECH LICENSE AGREEMENT

8.  Cook and BSC entered into a license agreement with Angiotech Pharmaceuticals, Inc. ("Angiotech") dated July 9, 1997 (the "Angiotech Agreement"), a copy of which is attached hereto as Exhibit A.

9.  Section 2.1(b) of the Angiotech Agreement grants a license to Cook with respect to certain technology owned by or licensed to Angiotech (the "Cook License"), which states in pertinent part that

> Angiotech hereby grants to Cook an exclusive (subject only to the rights granted to BSC and reserved to Angiotech . . .) worldwide right and license to use, manufacture, have manufactured, distribute and sell . . . Angiotech Technology in the Licensed Field Of Use solely for use in the Licensed Applications . . . .

(Ex. A at 7.) Section 2.1(a) grants a separate, essentially identical license to BSC. (Ex. A at 6-7.)

10. The "Angiotech Technology" that is the subject of the license refers to a bundle of patent, license, and technology rights owned by Angiotech involving the manufacture, use, and application of a compound called "paclitaxel" as a coating for certain medical devices, including

2

stents, for treating vascular disease. The "Licensed Field Of Use" refers to certain vascular and gastrointestinal applications. (Ex. A at 5.) The "Licensed Applications" refer to certain medical devices (including cardiovascular stents and certain drug delivery devices).

11. Among other things, the Angiotech License provides Cook with the rights to use Angiotech Technology to manufacture paclitaxel, to apply paclitaxel to stents, and to sell paclitaxel-coated stents. In recent preliminary studies, paclitaxel-coated stents appear to be a promising treatment for restenosis, reducing the rate of new blockages in coronary arteries treated with angioplasty and stenting.

## COOK'S RELATIONSHIP WITH GUIDANT

12. Pursuant to its rights under the Cook License, on or about August 16, 2001, Cook entered into a series of agreements with Guidant Corporation and its wholly-owned subsidiary ACS (collectively, "Guidant"). Under those agreements, Cook would purchase certain stent components from Guidant, use its licensed Angiotech Technology to coat the stent components with paclitaxel, and manufacture and package the paclitaxel-coated stents under the "ACHIEVE" brand. Cook would then sell the paclitaxel-coated stents to Guidant. Further, Guidant would be the exclusive distributor of the ACHIEVE brand of Cook-manufactured paclitaxel-coated stents and would obtain regulatory approval for their use on behalf of Cook.

## BSC'S DISPARAGING STATEMENTS

13. On September 10, 2001, BSC sent a letter to Cook alleging that Cook's agreements with Guidant constitute breaches of several sections of the Angiotech Agreement. A copy of that letter is attached hereto as Exhibit B. In the letter, BSC claimed that Cook had breached section 2.1

3

("Grants"), section 6.2 ("Regulatory Approvals"), and section 11.3 ("Confidentiality") of the Angiotech Agreement.

14. Without waiting for a response from Cook, on September 11, 2001, BSC issued a press release stating:

> Any arrangement between Cook and Guidant which results in Guidant selling paclitaxel-coated stents is, in our opinion, clearly in violation of the letter and spirit of the co-exclusive license agreement and is totally inconsistent with all discussions and negotiations leading up to its signing. We will aggressively protect our co-exclusive rights under the agreement.

A copy of the press release is attached hereto as Exhibit C.

15. On information and belief, BSC's press release was issued to cast doubt in the medical marketplace on the commercial viability of the ACHIEVE brand of Cook's paclitaxel-coated stents sold to Guidant, as well as to raise the specter of potential patent infringement with many potential purchasers of paclitaxel-coated stents.

## COUNT I
## Claim For Declaratory And Injunctive Relief

16. Cook incorporates paragraphs 1 through 15 as if fully set forth herein.

17. By virtue of the foregoing, there exists an actual controversy between Cook and BSC. Pursuant to the provisions of 28 U.S.C. §§ 2201 *et seq.*, it is just and proper that this Court enter a declaratory judgment setting forth the rights of the parties herein and declaring that (i) Cook has not breached sections 2.1, 6.2, and 11.3, or any other provision of the Angiotech Agreement and (ii) Cook's agreements with Guidant regarding Cook's manufacture and sale of the ACHIEVE brand of paclitaxel-coated stents to Guidant do not and will not breach any provision of the Angiotech Agreement.

## COUNT II
## Lanham Act Violation

18. Cook incorporates paragraphs 1 through 17 as if fully set forth herein.

19. BSC's press release contains the false statement that the ACHEIVE-brand of paclitaxel-coated stents to be sold to Guidant by Cook, and to be sold by Guidant in the marketplace, will be sold in violation of the Angiotech Agreement. In addition to casting aspersions on the ACHIEVE-brand paclitaxel coated stent, BSC's press release falsely states that Cook has breached "the letter and the spirit" of the Angiotech Agreement and, accordingly, impugns Cook's business conduct and ethics and falsely disparages Cook's commercial activity.

20. The BSC press release constitutes a commercial advertisement that misrepresents Cook's products and its commercial activity.

21. BSC's false statements have actually deceived and/or have the tendency to deceive a substantial segment of the market for paclitaxel-coated stents.

22. BSC's false statements are material and are likely to influence the purchasing decision of buyers of paclitaxel-coated stents and of Cook's products generally.

23. By issuing its press release, BSC has caused its false statements about Cook's products and its commercial activity to enter interstate commerce.

24. Cook is likely to be injured as a result of BSC's false statements by a diversion of sales of its paclitaxel-coated stents from Cook (and Guidant) to BSC. Cook has been and is likely to be injured by a loss of goodwill associated with its paclitaxel-coated stent products and its products generally.

25. Accordingly, BSC has violated section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

26. Further, Cook will be immediately and irreparably harmed unless BSC is enjoined from continuing to make false statements about Cook's products and its commercial activities.

27. Cook has no adequate remedy at law.

28. Because BSC's activities threaten the legitimate production and distribution of paclitaxel-coated stents for public use and benefit, an injunction will be in the public interest.

## COUNT III
### Claim For Injunctive Relief Based On BSC's Violation Of Section 1 Of The Sherman Antitrust Act

29. Cook incorporates paragraphs 1 through 28 as if fully set forth herein.

30. Through the conduct set forth above, BSC, as a licensee to the Angiotech Agreement, seeks to inhibit, restrict, and bar Cook, a licensee to the same agreement, from selling the ACHIEVE brand of Cook's paclitaxel-coated stents to Guidant. Licensees Cook and BSC are competitors in the development and sale of paclitaxel-coated stents and in the market for paclitaxel-coated stents in the United States and worldwide. Guidant as the purchaser of the ACHIEVE brand of Cook's paclitaxel-coated stents also would be such a competitor. BSC's efforts are intended to have, and if successful will have, the direct and foreseeable effect of restraining competition for the sale by the licensees of paclitaxel-coated stents in the United States and worldwide.

31. BSC's efforts as a licensee, which are aimed at persuading, coercing, and forcing its competitor Cook (a licensee) to boycott and refuse to deal with Guidant, are a scheme to effectuate a horizontal restraint of trade between licensees, and if successful will be a contract, combination, and conspiracy to effectuate such a horizontal restraint, and as such a violation of Section 1 of the Sherman Act, 15 U.S.C. §1, including a *per se* violation.

32. By reason of the allegations contained herein, Cook has been injured in its business or property and therefore brings this action pursuant to 15 U.S.C. § 4.

33. Cook will be irreparably harmed if BSC is not enjoined from continuing its anti-competitive behavior in violation of the antitrust laws. Cook has no adequate remedy at law.

## RELIEF DEMANDED

**WHEREFORE**, plaintiff Cook Incorporated requests the following relief against defendant Boston Scientific Corporation:

(A) that the Court find and declare that (i) Cook has not breached sections 2.1, 6.2, and 11.3, or any other provision of the Angiotech Agreement and (ii) Cook's agreements with Guidant regarding Cook's manufacture and sale of the ACHIEVE brand of paclitaxel-coated stents to Guidant do not and will not breach any provision of the Angiotech Agreement;

(B) that the Court enjoin BSC from continuing to make false statements about Cook's products and its commercial activities in violation of section 43(a) of the Lanham Act;

(C) that the Court award Cook its damages caused by BSC's false statements about Cook's products and its commercial activities in violation of section 43(a) of the Lanham Act;

(D) that the Court enjoin BSC from continuing its anti-competitive activities in violation of the antitrust laws regarding the sale of the ACHIEVE brand of Cook's paclitaxel-coated stents to Guidant;

(E) that the Court award Cook its reasonable costs and attorneys' fees incurred in this action; and

(F) that the Court award such other and further relief the Court deems proper under the circumstances.

## JURY DEMAND

Plaintiff Cook Incorporated hereby demands a trial by jury on all claims so triable.

Dated: December 12, 2001

*[signature]*

Ronald Wilder
Frederick J. Sperling
John A. Bannon
SCHIFF HARDIN & WAITE
6600 Sears Tower
Chicago, Illinois 60606
(312) 258-5500

Counsel for Plaintiff
Cook Incorporated

# SEE CASE FILE FOR EXHIBITS



UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

**DOCKETED**
DEC 13 2001

# Civil Cover Sheet

This automated JS-44 conforms generally to the manual JS-44 approved by the Judicial Conference of the United States in September 1974. The data is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. The information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is authorized for use only in the Northern District of Illinois.

**Plaintiff(s): Cook Incorporated**
County of Residence: Monroe County, Indiana
Plaintiff's Atty:
Frederick J. Sperling
Schiff Hardin & Waite
6600 Sears Tower, Chicago,
Illinois 60606
312-258-5500

**Defendant(s): Boston Scientific Corporation**
County of Residence:
Defendant's Atty: Edward Han
Howrey Simon Arnold & White
1299 Pennsylvania Ave. NW., Washington, D.C. 20004
202-783-0800

II. Basis of Jurisdiction: 3. Federal Question (U.S. not a party)

III. Citizenship of Principle Parties (Diversity Cases Only)
Plaintiff: - N/A
Defendant: - N/A

**01C 9479**

**JUDGE KOCORAS**

**MAGISTRATE JUDGE NOLAN**

IV. Origin: 1. Original Proceeding

V. Nature of Suit: 840 Trademark

VI. Cause of Action: 15 U.S.C. sec. 1051 et seq., false advertising.

VII. Requested in Complaint
Class Action: No
Dollar Demand: >$75,000
Jury Demand: Yes

VIII. This case **IS NOT** a refiling of a previously dismissed case.

Signature: _____
Date: 12/12/01

If any of this information is incorrect, please go back to the Civil Cover Sheet Input form using the Back button in your browser and change it. Once correct, print this form, sign and date it and submit it with your new civil action. **Note: You may need to adjust the font size in your browser display to make the form print properly.**

Revised: 06/28/00

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
Eastern Division

In the Matter of

Cook Incorporated
v.
Boston Scientific Corporation

Case Number: **01C 9479**

DEC 1 3 2001

APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR:

Plaintiff Cook Incorporated

**JUDGE KOCORAS**

**MAGISTRATE JUDGE NOLAN**

| (A) | (B) |
|---|---|
| SIGNATURE | SIGNATURE |
| NAME: Frederick J. Sperling | NAME: Ronald Wilder |
| FIRM: Schiff Hardin & Waite | FIRM: Schiff Hardin & Waite |
| STREET ADDRESS: 6600 Sears Tower | STREET ADDRESS: 6600 Sears Tower |
| CITY/STATE/ZIP: Chicago, Illinois 60606 | CITY/STATE/ZIP: Chicago, Illinois 60606 |
| TELEPHONE NUMBER: (312) 258-5608 | TELEPHONE NUMBER: (312) 258-5610 |
| IDENTIFICATION NUMBER: 3128237 | IDENTIFICATION NUMBER: 3016099 |
| MEMBER OF TRIAL BAR? YES ✓ NO | MEMBER OF TRIAL BAR? YES ✓ NO |
| TRIAL ATTORNEY? YES ✓ NO | TRIAL ATTORNEY? YES ✓ NO |
| | DESIGNATED AS LOCAL COUNSEL? YES NO ✓ |

| (C) | (D) |
|---|---|
| SIGNATURE | SIGNATURE |
| NAME: John A. Bannon | NAME: Kathryn D. Zalewski |
| FIRM: Schiff Hardin & Waite | FIRM: Schiff Hardin & Waite |
| STREET ADDRESS: 6600 Sears Tower | STREET ADDRESS: 6600 Sears Tower |
| CITY/STATE/ZIP: Chicago, Illinois 60606 | CITY/STATE/ZIP: Chicago, Illinois 60606 |
| TELEPHONE NUMBER: (312) 258-5597 | TELEPHONE NUMBER: (312) 258-5588 |
| IDENTIFICATION NUMBER: 6206528 | IDENTIFICATION NUMBER: 6271529 |
| MEMBER OF TRIAL BAR? YES NO ✓ | MEMBER OF TRIAL BAR? YES NO ✓ |
| TRIAL ATTORNEY? YES NO ✓ | TRIAL ATTORNEY? YES NO ✓ |
| DESIGNATED AS LOCAL COUNSEL? YES NO ✓ | DESIGNATED AS LOCAL COUNSEL? YES NO ✓ |

