

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| COOK INCORPORATED, ) | |
| ) | No. 01 C 9479 |
| Plaintiff, ) | |
| ) | Judge Charles P. Kocoras |
| v. ) | |
| ) | Magistrate Judge Nan R. Nolan |
| BOSTON SCIENTIFIC CORPORATION, ) | |
| ) | |
| Defendant. ) | |

## COOK'S MOTION TO DISMISS
## BOSTON SCIENTIFIC'S SECOND COUNTERCLAIM

Plaintiff Cook Incorporated ("Cook") moves this Court pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for an order dismissing Defendant Boston Scientific Corporation's ("BSC") Second Counterclaim on the grounds that it fails to state a claim upon which relief may be granted. In support of this motion, Cook submits its supporting memorandum and states as follows:

1. BSC's Second Counterclaim alleges Breach of Covenant of Good Faith and Fair Dealing.

2. Illinois law does not permit a cause of action for breach of a covenant of good faith and fair dealing.

3. Accordingly, BSC's Second Counterclaim must be dismissed because it asserts an impermissible cause of action and cannot state a claim upon which relief may be granted.



**WHEREFORE**, for the reasons set forth above and in its supporting memorandum, plaintiff Cook Incorporated requests that its motion be granted and that this Court enter an order dismissing BSC's Second Counterclaim with prejudice and granting such further relief the Court deems necessary under the circumstances.

Dated: January 15, 2002

Respectfully submitted,

*/s/ RCB*

Ronald Wilder
Frederick J. Sperling
John A. Bannon
SCHIFF HARDIN & WAITE
6600 Sears Tower
Chicago, Illinois 60606
(312) 258-5500

Counsel for Plaintiff Cook Incorporated

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that on January 15, 2002, he caused a copy of plaintiff Cook Incorporated's MOTION TO DISMISS BOSTON SCIENTIFIC'S SECOND COUNTERCLAIM, to be served by messenger or federal express upon:

> Edward Han
> Matthew M. Wolf
> HOWREY SIMON ARNOLD & WHITE
> 1299 Pennsylvania Avenue, N.W.
> Washington, DC 2004-2402
>
> Michael P. Padden
> Michael K. Lindsey
> HOWREY SIMON ARNOLD & WHITE
> 321 North Clark Street
> Suite 800
> Chicago, IL 60610

John A. Bannon



FILED
JAN 1 5 2002
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| COOK INCORPORATED, | ) | |
| | ) | No. 01 C 9479 |
| Plaintiff, | ) | |
| | ) | Judge Charles P. Kocoras |
| v. | ) | |
| | ) | Magistrate Judge Nan R. Nolan |
| BOSTON SCIENTIFIC CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

DOCKETED
JAN 1 6 2002

### COOK'S MEMORANDUM IN SUPPORT OF ITS
### MOTION TO DISMISS BOSTON SCIENTIFIC'S SECOND COUNTERCLAIM

Plaintiff Cook Incorporated ("Cook") submits this memorandum in support of Cook's Motion to Dismiss Boston Scientific Corporation's ("BSC") Second Counterclaim for Breach of Covenant of Good Faith and Fair Dealing pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. BSC's Second Counterclaim must be dismissed with prejudice because Illinois law does not permit a cause of action for breach of the covenant of good faith and fair dealing.

### BACKGROUND

On July 9, 1997, Cook and BSC entered into an agreement with Angiotech Pharmaceuticals, Inc. ("Angiotech") in which Angiotech granted licenses to both Cook and BSC regarding a bundle of patent and license rights (the "Angiotech Technology") that concerned the drug paclitaxel and the application of paclitaxel to certain medical devices, including stents, for treating vascular disease (the "Angiotech Agreement"). Under the Angiotech Agreement, Cook was granted the rights to "use, manufacture, have manufactured, distribute and sell" the Angiotech Technology for applying paclitaxel as a coating for certain medical devices.



Pursuant to the rights granted by the Angiotech Agreement, Cook entered into a series of agreements with Guidant Corporation ("Guidant"), under which Cook would purchase certain stent components from Guidant, coat the stents using the licensed Angiotech Technology, and then sell the paclitaxel-coated stents to Guidant, after which Guidant would sell the coated stents ("Guidant Agreements"). Under the Guidant Agreements, the Angiotech Technology that is the subject of the license will only be practiced and performed by Cook.

On September 10, 2001, BSC sent Cook a letter alleging that the Guidant Agreements violated several sections of the Angiotech Agreement. The very next day, without waiting for a response from Cook, BSC issued a press release stating that the Cook-Guidant relationship violated the Angiotech Agreement.

Because BSC clearly misconstrued the Angiotech Agreement and confused the parties' obligations regarding the Angiotech Technology and products that have been manufactured using the Angiotech Technology, Cook filed this action seeking a declaratory judgment that Cook has not breached, and the Guidant Agreements will not breach, the Angiotech Agreement. Cook further asserted causes of action for violations of the Lanham Act and the Sherman Act. In response to Cook's complaint, BSC asserted two Counterclaims, one for breach of the Angiotech Agreement and the other for breach of the covenant of good faith and fair dealing.

## ARGUMENT

When considering a motion to dismiss, the court must construe a complaint or counterclaim's allegations in a light most favorable to the claimant and all well-pleaded facts and allegations made in the claim must be taken as true. Echevarria v. Chicago Title & Trust Co., 256 F.3d 623, 625 (7th Cir. 2001); Schauf v. Mortgage Bankers Serv. Corp., 2001 WL 1539051, at *1 (N.D. Ill. Nov. 29, 2001) (Kocoras, J.). When viewed in the light most favorable to the

nonmovant, if the claim fails to state a cause of action upon which relief can be granted, the court must dismiss the claim. Fed R. Civ. P. 12(b)(6).

It is well-settled under Illinois law that no separate cause of action exists for breach of the implied duty of good faith and fair dealing.[1] See Echo, Inc. v. Whitson Co., Inc., 121 F.3d 1099, 1105-6 (7th Cir. 1997) ("Illinois law does not recognize independent claims based on breaches of any implied duties of good faith."); Baxter Healthcare Corp. v. O.R. Concepts, Inc., 69 F.3d 785, 792 (7th Cir. 1995) ("under Illinois law the covenant of good faith and fair dealing is not an independent source of duties for the parties to a contract."); Johnstone v. Bank of America, 173 F. Supp. 2d 809, 817 (N.D. Ill. 2001) ("The Supreme Court of Illinois has held that there is no independent cause of action for breach of the duty of good faith and fair dealing.") (citing Voyles v. Sandia Mortgage Corp., 751 N.E.2d 1126, 1131-32 (Ill. 2001)). Under Illinois law, the covenant is merely a rule of construction. Echo, 121 F.3d at 1106; Baxter, 69 F.3d at 792.

---

[1] A federal court sitting in diversity must apply the conflict of laws rules of the state in which it sits. See Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496 (1941). Illinois conflict of laws rules apply the most significant contacts test, under which the laws of Illinois will govern this case. Palmer v. Beverly Enter., 823 F.2d 1105, 1107 (7th Cir. 1987) (applying Illinois law). As Cook alleged and BSC admitted, "a substantial part of the events or omissions giving rise" to this case occurred within this district. Complaint, ¶ 7; Answer, ¶ 7. Although section 11.2 of the Angiotech Agreement provides for exclusive jurisdiction of the courts of the state of Washington and the application of Washington law, that provision does not apply to this dispute, and in any event there are no contacts whatsoever between the parties to this action and the state of Washington. Where there is an insufficient connection between the contract and the state designated by the parties, Illinois courts will not honor the parties' designation of that state's law. See Curtis 1000, Inc. v. Suess, 24 F.3d 941, 948 (7th Cir. 1994); Wilkes v. Accustaff, Inc., 42 F. Supp. 2d 842, 844 (N.D. Ill. 1999); Restatement (Second) of Conflict of Laws § 187 (1987). Moreover, by accepting and invoking the jurisdiction of this Court, BSC has affirmatively acknowledged that section 11.2 of the Angiotech Agreement has no application to this case.

BSC's Second Counterclaim asserts nothing more than a purported breach of an implied covenant of good faith and fair dealing.[2] Because no such cause of action exists under these circumstances, BSC's Second Counterclaim fails to state a claim and must be dismissed. See Echo, 121 F.3d at 1106 (affirming dismissal of counterclaim for breach of implied duty of good faith); Johnstone, 173 F. Supp. 2d at 818 ("the court concludes that because Illinois law provides no cause of action for breach of the covenant of good faith, [the nonmoving party] has failed to state a claim . . . . Therefore, [that claim] is dismissed."); Voyles v. Sandia Mortgage Corp., 751 N.E.2d 1126, 1132-34 (Ill. 2001) (affirming trial court's dismissal of claim of breach of implied duty of good faith and fair dealing).

## CONCLUSION

For all of the foregoing reasons, plaintiff Cook Incorporated requests this Court to enter an order dismissing BSC's Second Counterclaim with prejudice, and grant Cook such other and further relief as this Court deems appropriate.

Dated: January 15, 2002

Respectfully submitted,

Ronald Wilder
Frederick J. Sperling
John A. Bannon
SCHIFF HARDIN & WAITE
6600 Sears Tower
Chicago, Illinois 60606
(312) 258-5500

Counsel for Plaintiff Cook Incorporated

---

[2] A claim for breach of the implied duty of good faith and fair dealing is recognized in one very narrow circumstance, namely, in cases involving an insurer's obligation to settle with a third party who has sued the policyholder. Voyles v. Sandia Mortgage Corp., 751 N.E.2d 1126, 1131 (Ill. 2001). That situation is neither present in this case nor alleged by BSC.

4

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that on January 15, 2002, he caused a copy of plaintiff Cook Incorporated's MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS BOSTON SCIENTIFIC'S SECOND COUNTERCLAIM, to be served by messenger or federal express upon:

>Edward Han
>Matthew M. Wolf
>HOWREY SIMON ARNOLD & WHITE
>1299 Pennsylvania Avenue, N.W.
>Washington, DC 2004-2402
>
>Michael P. Padden
>Michael K. Lindsey
>HOWREY SIMON ARNOLD & WHITE
>321 North Clark Street
>Suite 800
>Chicago, IL 60610

John A. Bannon