Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | Nan R. Nolan |
|---|---|---|---|
| CASE NUMBER | 01 C 9479 | DATE | 5/8/2002 |
| CASE TITLE | Cook vs. Boston Scientific | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Cook's Motion to Modify Highly Confidential Designation [52-1] is DENIED.
(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | MAY 0 9 2002 | 64 |
| | Notified counsel by telephone. | date docketed | |
| | Docketing to mail notices. | docketing deputy initials | |
| | Mail AO 450 form. | | |
| ✓ | Copy to judge/magistrate judge. | | |
| | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice |
| | | | mailing deputy initials |

This matter is before the Court on Plaintiff Cook Inc.'s ("Cook") Motion to Modify Highly Confidential Designation (Docket #52). In its motion, Cook contests a confidentiality designation made by Defendant Boston Scientific Corp. ("BSC") under the agreed protective order previously entered by the District Court. BSC designated the document at issue as "Highly Confidential," as opposed to merely "Confidential," which means that the document can only be seen by Cook's attorneys and certain in-house counsel, not by the client or witnesses. The document concerns an agreement with a third party and is not directly related to the present litigation.

Paragraph 5 of the protective order allows certain material to be designated as Highly Confidential "because it constitutes information the disclosure of which may cause competitive harm to the Producing Party, including documents and information relating to unreleased products [and] prospective marketing and sales efforts . . ." Cook argues that the document at issue was improperly designated because it is not related to any competitive issue between Cook and BSC. BSC responds that the document was properly designated under the protective order; that disclosure of the document to Cook's employees may cause BSC competitive harm; and that it is sufficient for Cook that its legal personnel alone review the document.

The Court finds that the document is properly designated as "Highly Confidential." First, the document appears to be "related to" unreleased products and/or prospective marketing and sales efforts, which are categories of documents that are expressly defined in Paragraph 5 of the protective order as highly confidential. Second, even if the document at issue does not fit one of the listed categories, the Court finds that the disclosure of this confidential agreement with a third-party *may cause* competitive harm to BSC and thus is properly designated. The parties are serious, direct competitors with regard to a number of products, not just those involved in this case. *See Cook Inc. v. Boston Scientific Corp.*, 206 F.R.D. 244, 246 (S.D. Ind. 2001). Cook's argument that the document does not relate to any competitive issue between Cook and BSC is irrelevant and misreads the clear language of the agreed protective order.[1]

For the foregoing reasons, Cook's Motion to Modify Highly Confidential Designation is DENIED.

---

[1] Furthermore, the highly confidential designation will not prejudice Cook in pursuing the present litigation. The Court allowed Cook to submit *in camera* the reasons it needs to discuss the document with its client, and thus there was no reason for Cook not to be completely forthcoming and to describe in detail the importance of the document. In its submission, Cook argues that the document may be needed for a certain purpose at some point in the future. This purpose is only speculative, however, and Cook has failed to establish any present need for the document. If the circumstances warrant, Cook may ask the Court to revisit the issue in the future.